Nashua Municipal Court,
No. 5100.

STATE *v.* JOSEPH S. LeBlanc.

Argued April 2, 1963.
Decided June 7, 1963.

*William Maynard,* Attorney General and *Frederic T. Greenhalge,* Assistant Attorney General (*Mr. Greenhalge* orally), for the State.

*Sweeney & Welts* and *Louis M. Janelle* (*Mr. Robert B. Welts* orally), for the defendant.

DUNCAN, J.    This complaint arises under statutory provisions enacted in 1953 (Laws 1953, *c.* 202) which provide as follows: "GAMBLING MACHINES.    Any device, mechanism, or slot machine, including the type known as the one-armed bandits, which is used for or is capable of being used to discharge any money or tokens; or any device, mechanism or slot machine which is used to discharge money or any tokens that may be exchanged for money, or which is used to display or reveal any

symbol entitling any person by reason of such display to receive money, is hereby declared to be a common nuisance and shall be seized upon detection by any police officer, sheriff, constable or deputy, and the same shall be forfeited in the manner provided in chapter 617, RSA.

"— POSSESSION, PENALTY. Any person who shall have in his possession or upon his premises a device, mechanism or slot machine declared by section 11 of this chapter to be a common nuisance, who knew or should have known of its use in violation of the said section, shall be fined not more than $500 or imprisoned not more than one year or both. Any person, having any interest in any device, mechanism or slot machine declared by section 11 of the chapter to be a common nuisance, who knew or should have known of its use in violation of the said section, who shall collect or receive any money from said device, mechanism or slot machine, or for the use thereof, shall be fined not more than $500 or imprisoned not more than one year, or both." RSA 577:11, 12.

Before the 1953 amendment, section 11 of the statute provided that any "slot machine or other machine or appliance intended for the purpose of winning money or any other thing by chance or hazard is a gambling implement," and that all laws relating to gambling implements should include such machines and appliances. R.L., c. 447, s. 11. Under section 10 of the act (now RSA 577:10) slot machines and similar "appliances" were then and are now subject to forfeiture if "used or kept, or provided to be used in unlawful gaming, in any . . . place resorted to for unlawful gaming."

Section 11 as amended in 1953 provides for forfeiture, as "a common nuisance," of any gambling machines therein described, without reference to the requirement of section 10, that they be used or provided to be used in gambling in a gambling place. However in some respects section 11 as amended in 1953 is less inclusive than the provisions which it replaced. See *State* v. *Mint Vending Machine,* 85 N. H. 22; *Ross* v. *Goodwin,* 40 F. 2d 535.

Section 11, as amended, permits seizure and forfeiture of two categories of gambling devices. The first embraces any device "which is used" for or "capable of being used" to discharge any "money or tokens," without requirement as to how the tokens may be used or redeemed. The second category is more restricted, in that it encompasses only a device "which is used"

to discharge money or tokens redeemable in money, or to reveal symbols entitling a person to receive money.

The distinction thus drawn indicates that the phrase "which is used" was employed by the Legislature in section 11, not in the descriptive sense of "designed or intended to be used" or "capable of being used" (*cf.* R. L., *c.* 447, *s.* 11, *supra*; *People* v. *Lippert*, 304 Mich. 685, 691) but in the sense of "which is in fact used," for the described purposes. See Annot. 162 A.L.R. 1188. Otherwise there would have been no occasion to employ the additional phrase "or is capable of being used" in describing the first category of devices referred to by the section.

Since none of the devices seized from the defendant had been or were at the time of seizure in fact "used to discharge money or any tokens," none were subject to seizure under section 11 as devices within the second category described therein. Hence, only such devices as may be found to fall within the first category, of devices "capable of being used to discharge any money or tokens," were subject to seizure from the defendant.

So far as we are advised, none of the devices seized are capable of discharging money. However, many of them, consisting of what are commonly referred to as punch boards, are capable of discharging "tokens," in the form of slips of paper, bearing symbols, words, or numbers. As applied to such devices, the finding of the justice of the municipal court that they were articles coming within the definition of section 11 is sustained. As to other devices seized in this proceeding, such as a roulette wheel, bird cage, electric dice game and any other devices not "capable of being used to discharge money or tokens," the defendant's exception is sustained. They were not made "common nuisances" by RSA 577:11 because they were not capable of discharging money or tokens, and had never been used to display symbols for gambling purposes.

The offense with which the defendant is charged is the offense established by section 12 of the chapter. It consists of having in possession a device declared by section 11 to be a common nuisance, by a person "who knew or should have known of its use in violation of the said section." RSA 577:12. Before it can properly be said that an accused person "knew or should have known" of the use of a gambling device in violation of section 11, it must necessarily be found that the device itself had previously been "used" in violation of the section. It is

undisputed that none of the devices seized in this proceeding had been used to discharge money or tokens, or to display symbols for purposes of gambling. Hence it cannot be found that the defendant at the time of seizure either "knew or should have known of [their] use in violation of" section 11. See *In re Estate of Weisenberg,* 147 Ohio S. 152. *Cf. State* v. *Bally Beach Pinball Machine,* 119 Vt. 123.

The finding by the justice that the defendant "knew or should have known that . . . [purchasers] could and most probably would use the articles for gambling purposes in other places than in the defendant's store," related to knowledge of probable future use, rather than the knowledge of past or present use which section 12 requires. It follows that the defendant's motion to dismiss the complaint should be granted.

Since this proceeding is not under RSA ch. 617 for forfeiture of the devices seized by the police officers, it is unnecessary to rule upon the defendant's exception based upon the alleged insufficiency of the search warrant. See *State* v. *Teletypewriter Machine,* 97 N. H. 282.

In summary, it may be said that as a result of the legislative definition adopted in RSA 577:11, punch boards, like slot machines and one-armed bandits, are subject to seizure and forfeiture, wherever found, provided they are "capable of being used to discharge . . . money or any tokens." RSA 577:11.

By reason of the same section of the statute, devices such as the roulette wheel, bird cage, and electric dice machines, not being capable of use to discharge money or tokens, are subject to seizure and forfeiture only upon proof of their actual use "to display or reveal [a] symbol entitling [a] person . . . to receive money" ( RSA 577:11 ), in which case they may be seized and forfeited, wherever found.

Under older provisions of the statute (RSA 577:10) all such devices and implements may also be seized and forfeited if used or kept or provided for use in unlawful gambling in a place resorted to for such gambling. *State* v. *Harkeem,* 97 N. H. 508.

By reason of express legislative requirement contained in RSA 577:12 criminal liability to penalty under that section for the possession of any device described in RSA 577:11 depends upon proof that the accused knew or should have known of actual use of the device in his possession, for gambling, prior to its seizure.

*Complaint dismissed.*

KENISON, C.J., dissented; the others concurred.

KENISON, C.J., *dissenting:* The construction of RSA 577:11, 12 by the majority is unnecessarily strict and literal (*State* v. *Williams*, 92 N. H. 377, 378) and in my opinion is contrary to what the Legislature said and meant and inconsistent with the statutory history of non-regulated gambling (*cf.* RSA ch. 284) in this state. *State* v. *Mint Vending Machine*, 85 N. H. 22. "The persuasion that one's infallibility is a myth leads by easy stages and with somewhat greater satisfaction to a refusal to ascribe infallibility to others." Cardozo, The Nature of the Judicial Process 30 (1921).

While this court rules that punch boards are gambling devices prohibited by statute, it reverses the finding of the municipal court that such well-known devices as Chuck-A-Luck (bird cages), roulette wheels, electric dice games and electric racehorse machines are gambling devices under the same statute. I think that Judge *Guertin* was correct on all counts. See Annot. 162 A.L.R. 1188. The net effect of the majority decision is to allow the manufacture, sale and distribution of what the average person would consider gaming devices in this state with complete impunity and comfortable immunity so long as they are bright, shiny and new and have not been used previously for gambling purposes.